UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STORM COUTARD,

        Plaintiff,

v.                                 Case No. 8:25-cv-02039-WFJ-AEP

UNIVERSAL MUSIC GROUP, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court upon Plaintiff Storm Coutard's Complaint (Doc. 1), Motion to Proceed *In Forma Pauperis* (Doc. 2), and Motion to Appoint Counsel (Doc. 4). Plaintiff, proceeding *pro se*, initiated this action against Defendants Universal Music Group, Warnes Bros Discovery, Fox Corporation, ABC News Inc., Paramount Global, CMG Media Corp., Hearst Television Inc., Graham Media Group, CBS News Inc., and CNN America Inc. For the following reasons, it is recommended that Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) and Motion to Appoint Counsel (Doc. 4) be DENIED and Plaintiff's Complaint (Doc. 1) be DISMISSED.

### I.    Background

Plaintiff brings claims against Defendants for intentional infliction of emotional distress and invasion of privacy. On the claim for intentional infliction of

emotional distress, Plaintiff alleges that Defendants "engaged in an on going [sic] campaign of harassment and fear" that included "stalking the plaintiff and engaging in intimidation, bullying and more that made the plaintiff fear for his life and safety" between 2023 and the present (Doc. 1, at 4). On the invasion of privacy claim, Plaintiff alleges Defendants "engaged in privacy violations which included monitoring his online activity, telephone activity, cable box activity including watched channels and also monitored the activity within the house he lives in through the use of listening devices, while also harassing and stalking him" (Doc. 1, at 19). Plaintiff describes a campaign of harassment, stalking, and surveillance by various means, including the following: sending people to live in houses near Plaintiff, following his car, publishing news stories alluding to violence and death, engaging in cult-like activities, driving by his home in motorcycles and ATVs, pointing cameras at his house, using his personal information, parking a garbage truck outside his house, bothering him at his local Walmart and Crunch Fitness, using "certain numbers and names and letters" such as 15 and 84 to "allude to violence and death," and having news anchors wear the color black, among other allegations (Doc. 1, at 5–18). Plaintiff requests damages of $57 billion, including punitive damages, lost future earning potential, loss of enjoyment, and emotional distress (Doc. 1, at 37).

Before initiating the instant suit, Plaintiff brought a nearly identical action against Defendants under case number 8:25-cv-01275-WFJ-LSG. In that case, Plaintiff's motion to proceed *in forma pauperis* was taken under advisement, and the

2

Court directed Plaintiff to amend his complaint to adequately allege subject matter jurisdiction and satisfy the pleading requirements of the Federal Rules of Civil Procedure. Plaintiff subsequently filed two amended complaints before voluntarily dismissing the action and refiling the instant action.

## II.    Legal Standard

The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court to pay a filing fee. 28 U.S.C. § 1914(a). However, a court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). District courts maintain broad discretion in determining whether to grant or deny an application to proceed *in forma pauperis*. *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam).

An action is frivolous where the allegations lack an arguable basis either in law or fact. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). Accordingly, where the court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are without merit, the court may dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citations omitted).

3

Further, to state a claim, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction; a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). Failure to state a claim is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted); *see also Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Moreover, federal courts are courts of limited jurisdiction and, thus, have an obligation to inquire into their subject matter jurisdiction *sua sponte* whenever it may be lacking. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001); *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Specifically, federal district courts will have original jurisdiction

over cases in which the amount in controversy exceeds $75,000, and the case is between citizens of different states or citizens of the United States and citizens of a foreign state. 28 U.S.C. § 1332.

When reviewing a complaint, courts hold pro se pleadings to a less stringent standard and, therefore, construe the complaint more liberally.[1] *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

### III.  Discussion

As a preliminary matter, it appears Plaintiff meets the indigency requirement to proceed *in forma pauperis*. Plaintiff's Complaint, however, fails to allege facts sufficient to show that he can assert a viable federal claim. Even when construed liberally, Plaintiff's Complaint lacks factual allegations that support an inference that Defendants harmed or intended to harm him. To have facial plausibility, a claim must contain sufficient factual content supporting a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The plaintiff's beliefs are undoubtedly genuine, but beliefs alone cannot state a claim.

---

[1] Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* in this District must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

*Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) (declining to accept as true allegations based on information and belief). Here, Plaintiff's allegations fail to create a reasonable inference that Defendants are liable for the misconduct he alleges. Specifically, Plaintiff alleges a series of seemingly unrelated incidents that in many cases appear to have no connection to the various media companies named in this suit and do not give rise to liability for intentional infliction of emotional distress or invasion of privacy.

Generally, a *pro se* plaintiff must be given an opportunity to amend their complaint before the district court dismisses it. *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003). The court, however, need not allow an amendment where such an amendment would be futile. *Cornelius v. Bank of Am., N.A.*, 585 F. App'x 996, 1000 (11th Cir. 2014) (per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.* Here, although this is the first complaint in the instant action, Plaintiff filed three complaints in case 8:25-cv-01275-WFJ-LSG. The Court gave Plaintiff clear directions on amending his complaint to meet the applicable pleading standards. Despite multiple attempts to put forward a plausible claim, Plaintiff has failed to do so. The undersigned finds that further attempts to amend would be futile given the lack of plausibility of Plaintiff's allegations.

Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) be DENIED.

2. Plaintiff's Complaint (Doc. 1) be DISMISSED.

3. Plaintiff's Motion to Appoint Counsel (Doc. 4) be DENIED AS MOOT.

   IT IS SO REPORTED in Tampa, Florida, on this 19th day of August 2025.

ANTHONY E. PORCELLI
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:    Hon. William F. Jung
       Plaintiff, *pro se*